# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6402 | **DATE** | 7/7/2004 |
| **CASE TITLE** | National Diamond Sydicate, Inc. vs. Flanders Diamond USA, Inc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. National Diamond's Bill of Costs is granted in part and denied in part. National Diamond is entitled to recover $57,763.25 in costs.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL -8 2004 date docketed | |
| ✓ | Docketing to mail notices. | | 15 | 218 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| TH ✓ | courtroom deputy's initials | 2004 JUL -7 PM 5:27 | date mailed notice | |
| | | Date/time received in Central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NATIONAL DIAMOND SYNDICATE, INC., ) <br> ) <br> Plaintiff and Counterclaim Defendant, ) <br> ) <br> v. ) <br> ) <br> FLANDERS DIAMOND USA, INC., and ) <br> KUWAYAMA EUROPE, N.V., ) <br> ) <br> Defendants, Counterclaim Plaintiffs, ) <br> and Third-Party Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LEWY FRIEDRICH, N.V., ) <br> ) <br> Counterclaim Defendant. ) | No. 00 C 6402 |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

On June 25, 2003, the Court entered judgment on a jury verdict in favor of Plaintiff National Diamond Syndicate, Inc. ("National Diamond"). (R. 191-1, Minute Order.) National Diamond filed a Bill of Costs in which it seeks $60,297.71.[1] Defendants object, and ask the Court to deny the entire Bill of Costs or, in the alternative, to reduce the Bill of Costs to $42,134.26. Defendants further ask the Court to stay ruling on the Bill of Costs pending appeal.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 54(d)(1) provides that "costs other than attorneys' fees

---

[1] Specifically, National Diamond seeks: (1) $150.00 for clerk fees; (2) $100.00 for service of summons and subpoena; (3) $29,020.17 for court reporting and transcription; (4) $16,029.71 for witness fees; (5) $10,217.83 for exemplification and photocopying; (6) $20.00 for docket fees under 28 U.S.C. § 1923; and (7) $4,760.00 for compensation of interpreters.

shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Rule 54(d) creates a strong presumption that the prevailing party will recover costs. *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000); *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). This presumption is difficult to overcome, and the Court's discretion is narrowly confined—it must award costs unless it is confronted with good reasons for denying them. *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988). Taxing costs involves two inquires: whether the cost imposed is recoverable, and if so, whether the amount assessed is reasonable. *Majeske*, 218 F.3d at 824. It is within the Court's discretion whether to award specific costs under 28 U.S.C. § 1920. *Barber v. Ruth*, 7 F.3d 636, 644 (7th Cir. 1993).

## ANALYSIS

### I. Costs Are Appropriate

The burden of proof is not on the prevailing party to establish that it is entitled to costs, but on the losing party to establish reasons to deny costs. *Movitz v. First Nat'l Bank of Chicago*, 982 F. Supp. 571, 573 (N.D. Ill. 1997). Generally, only two reasons justify denying costs: (1) misconduct by the prevailing party worthy of penalty; or (2) the losing party's inability to pay. *Weeks*, 126 F.3d at 945.

Defendants provide no such justification. Defendants have provided no evidence of misconduct by National Diamond, and Defendants have not argued, much less demonstrated, an inability to pay. Defendants simply argue that costs are inappropriate because "[t]his case involved difficult legal issues and was litigated in good faith by the parties." (R. 214 at 2.) Good faith litigation is not enough to warrant the denial of costs, and this case did not involve such

novel legal issues to justify the denial of costs. *Cf. Allstate Ins. Co. v. Michigan Carpenters' Council Health & Welfare Fund*, 760 F. Supp. 665, 670 (W.D. Mich. 1991) (denying an award of costs where the legal issue in dispute was "close and difficult," in view of the fact that relevant precedent had recently been overturned by the Supreme Court). Thus, National Diamond is entitled to an award of recoverable costs.

## II. Specific Costs Recoverable Under The Statute

### A. Undisputed Costs

Defendants do not dispute the following costs: fees of the clerk ($150.00); fees for service of summons and subpoenas ($100.00); and docket fees ($20.00). National Diamond has provided evidence substantiating these costs. Accordingly, National Diamond is entitled to recover $270.00.

### B. Deposition Transcript Costs

Section 1920(2) allows taxation of deposition transcripts where the costs are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). National Diamond seeks $29,020.17 for deposition transcript costs. Defendants argue that these costs are not authorized by the statute.[2]

With respect to deponents Friedrich, Zimmerman, and Carmona, Defendants argue that National Diamond is not entitled to costs because "Plaintiffs had control over these witnesses." Defendants cite no authority supporting this proposition. National Diamond contends that these depositions were necessary, and notes that Defendants noticed and took each of these depositions and listed each of these deponents as witnesses on their Final Witness List for trial. These depositions were "necessarily obtained for use in the case," and these costs are recoverable.

---

[2] Defendants do not dispute the reasonableness of the transcript fees.

3

Defendants argue that National Diamond is not entitled to costs with respect to deponents Skuza and Hewson because "their deposition testimony was not presented during trial." (R. 214-1 at 4.) Similarly, Defendants argue that Gerstman's deposition transcript was unnecessary because National Diamond tried—unsuccessfully—to impeach Gerstman with his deposition during trial. The introduction of a deposition at trial, however, is not a prerequisite for finding that it was necessary to take the deposition. *M.T. Bonk*, 945 F.2d at 1410. Therefore these costs are recoverable.

Finally, with respect to videotaping fees for deponent d'Haene's deposition, Defendants argue that these costs are unnecessary because Defendants represented to National Diamond that d'Haene would be present at trial (and in fact he was present at trial). National Diamond contends that at the time of the deposition, it reasonably believe that videotaping was necessary because d'Haene, who resides outside of the United States, was beyond the Court's subpoena power. A party can properly tax costs for a videotaped deposition provided that it is reasonably necessary. *Vardon Golf, Inc. v. Karsten Mfg. Corp.*, No. 99 C 2785, 2003 WL 1720066, at *9 (N.D. Ill. Mar. 31, 2003). The question of whether videotaping is necessary must be made in light of the facts known at the time of the deposition. *Barber*, 7 F.3d at 645. The Court agrees that these costs are recoverable.

Accordingly, National Diamond is entitled to $29,020.17 for deposition transcript costs.

### C. Copying Costs

Section 1920(4) authorizes the Court to tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). National Diamond seeks $10,217.83 in copying costs. Defendants object to these costs on the grounds

4

that they are excessive and unsupported by documentation.

Defendants dispute National Diamond's costs for copying documents listed as "preparation for motion for summary judgment" because National Diamond did not prevail on its summary judgment motion. Costs incurred in the preparation, copying, and collating of exhibits to a motion for summary judgment are generally properly taxable. *Haraco, Inc. v. American Nat'l Bank and Trust Co. of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994) (holding that costs for copying and collating of exhibits to summary judgment motion fall within language of Section 1920(4)); *see also Sphere Drake Ins. PLC v. Trisko*, 66 F. Supp. 2d 1088, 1094 (D. Minn. 1999) (awarding costs for exhibits of unsuccessful summary judgment motion). Therefore, these costs are recoverable.

Defendants dispute the majority of National Diamond's copying costs relating to the preparation of trial exhibits because National Diamond used only approximately 25 percent of the exhibits listed on its Final Exhibit List. Defendants ask the Court to offset the requested costs by 75 percent. Documents need not be introduced at trial, however, for the cost of copying them to be recoverable under Section 1920(4). *M.T. Bonk*, 945 F.2d at 1410, *State of Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 867 (7th Cir. 1981). Accordingly, these costs are recoverable.

National Diamond is not entitled to recover the entire amount it seeks, however, because it has not provided the Court with sufficient documentation to enable the Court to determine whether all of the expenses were necessary. Although National Diamond has provided the Court with the date, description, and total number of each outlay, it has not itemized page cost, page

count, actual per copy price, or the total number of sets of copies per job.[3] *See Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1990). Considering the duration and paper-intensive nature of this patent case, however, the Court exercises its discretion and awards National Diamond 75 percent of its requested copying costs that are related to its summary judgment motion and trial exhibits, for a total of $7603.37.[4]

Defendants dispute the video duplication cost, arguing that it was not obtained "for use in the case." National Diamond explains that the $80.00 charge represents the cost of obtaining copies of videotapes of prior television interviews involving National Diamond's technical expert and that Defendants demanded a copy of the videotapes. National Diamond contends that "[a]s Plaintiffs had no way of knowing whether Defendants would attempt to use these videotapes at trial, Plaintiffs' copies of these tapes were entirely necessary to enable Plaintiffs to prepare for trial." (R. 215-1 at 9.) It was reasonable for National Diamond to duplicate the videotapes before turning them over to Defendants because it was possible that Defendants may have used the videotapes to prepare their case for trial. This $80.00 charge is recoverable.

### D. Interpreter's Fees

Section 1920(6) allows for "compensation of interpreters, . . . and costs of special interpretation services." 28 U.S.C. § 1920(6). National Diamond seeks $4,760.00 in interpreter

---

[3] The prevailing party is not entitled to costs for unlimited sets of copies. *See Haroco*, 38 F.3d at 1441 ("only two sets of copies [of opponent's trial exhibits] would be reasonable"); *Vardon Golf*, 2003 WL 1720066, at *10.

[4] National Diamond's request of $10,217.83 for copying costs includes the video duplication cost in addition to the costs associated with the summary judgment motion and trial exhibits. Because National Diamond is entitled to recover the entire cost of duplicating the videotapes, the Court separates the video duplication cost before reducing National Diamond's requested costs by 75 percent, thereby awarding the full $80.00 video duplication cost.

and translation fees. Defendants object to $1,390.00 that National Diamond seeks to recover for two days of interpreter fees on the ground that it was necessary for the interpreter to attend trial only on the day that Geerts actually testified.[5] National Diamond contends that the interpreter attended trial for two days due to the uncertainty of the timing of Geerts's testimony in order to ensure that the interpreter was available in court to translate for the jury once Defendants completed their cross-examination of the previous witness. Because the interpreter provided necessary services at trial, these costs are recoverable.

### E. Witness Fees

Section 1920(3) allows for witness fees, which are specified in 28 U.S.C. § 1821(b). 28 U.S.C. § 1920(3). Section 1821(b) allows for "an attendance fee of $40 per day for each day's attendance" at trial or deposition, in addition to "attendance fee[s] for the time necessarily occupied in going to and returning from the place of attendance and the beginning and end of such attendance or at any time during such attendance." 28 U.S.C. § 1821(b). Section 1821(c)(1) allows for actual travel expenses via common carrier. 28 U.S.C. § 1821(c)(1). Section 1821(d)(1) allows for a subsistence allowance to be paid to a witness when an overnight stay is required at the place of attendance. 28 U.S.C. § 1821(d)(1). Sections 1821(d)(2) and (3) limit the maximum per diem allowance to that prescribed by the Administrator of General Services, pursuant to 5 U.S.C. § 5702(a). In Chicago, that rate is $205 per day.

National Diamond claims $16,029.71 for travel and lodging expenses incurred by Geerts, Friedrich, Burnett, and Carmona. Defendants object that these fees are not authorized by the statute.

---

[5] Defendants do not dispute the reasonableness of the interpreter's rate.

### 1. Geerts

Geerts testified for one day at trial. National Diamond seeks attendance fees and a subsistence allowance for three days, in addition to airfare. Defendants contend that National Diamond is entitled to recover attendance fees for one day and a subsistence allowance for two days.[6] Under the statute, National Diamond is entitled to recover attendance fees and a subsistence allowance for three days, in addition to airfare, for a total of $1,020.00.

### 2. Friedrich

Friedrich testified for three days at his deposition and one day at trial. National Diamond seeks attendance fees and a subsistence allowance for six days, in addition to airfare. Defendants argue that National Diamond is not entitled to recover any costs for Friedrich because Friedrich is a party opponent.

As a general rule, parties may not normally collect their own witness fees, and this prohibition has sometimes been held to extend to real parties in interest. *Barber*, 7 F.3d at 646. Where the party is a corporation, however, corporate officers may be "witnesses" where they are not personally involved in the litigation, even though they are employed by the named party. *WH Smith Hotel Servs., Inc. v. Wendy's Int'l, Inc.*, 25 F.3d 422, 429 (7th Cir. 1994). National Diamond argues that Friedrich is not a named party and he is not a real party in interest because he attended trial in order to testify as a fact witness, not to manage the litigation or advise counsel. The Court agrees that Friedrich is a witness and that witness fees are therefore recoverable. Defendants do not otherwise dispute the amount of costs associated with Friedrich. Accordingly, National Diamond is entitled to $5,724.12.

---

[6] Defendants do not dispute Geerts's airfare.

### 3. Burnett

Burnett testified at his deposition for four days and attended trial for fourteen days. National Diamond seeks attendance fees and a subsistence allowance for eighteen days, in addition to airfare.[7] Defendants contend that Burnett attended trial for an excessive number of days, and that National Diamond is entitled to recover attendance fees and a subsistence allowance for nine days rather than eighteen. National Diamond argues that Burnett's presence at trial was necessary because, as an expert witness, Burnett needed to observe the testimony and demeanor of Defendants' witnesses at trial so he could effectively rebut their testimony. National Diamond further notes that recovery of witness fees is not limited to the days the witness actually testifies. The Court agrees. These costs are recoverable. National Diamond is entitled to $6,866.59.

### 4. Carmona

Carmona, another expert, testified at his deposition for two days and attended trial for six days. National Diamond seeks attendance fees and a subsistence allowance for eight days, in addition to airfare.[8] Defendants argue that these fees should be reduced by one day because two days of preparation is excessive. National Diamond argues that Carmona's presence at trial was necessary in order for him to observe the testimony and demeanor of Defendants' witnesses at trial. The Court agrees. These costs are recoverable. National Diamond is entitled to $2,419.00.

---

[7] Defendants do not dispute Burnett's airfare or the witness fees associated with his deposition.

[8] Defendants do not dispute Carmona's airfare or the witness fees associated with his deposition.

9

## CONCLUSION

Accordingly, National Diamond's Bill of Costs is granted in part and denied in part. National Diamond is entitled to recover $57,763.25 in costs.[9]

Dated: July 7, 2004

AMY J. ST. EVE
U.S. District Court Judge

---

[9] Because Defendants have not articulated why a stay is appropriate or necessary, the Court declines Defendants' request to stay ruling on the Bill of Costs pending appeal.